DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
By:  BRANDON H. COWART
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2693
Facsimile: (212) 637-2702
E-mail:  brandon.cowart@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                 Plaintiff,<br><br>            -against-<br><br>JONDELL TAYLOR<br><br>                                 Defendant. | Case No. 23 CV 2430<br><br>**COMPLAINT** |

Plaintiff, United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, by way of this Complaint against defendant Jondell Taylor ("Defendant"), alleges upon information and belief as follows:

## **INTRODUCTION**

1.      This is a civil action brought by the United States of America, on behalf of its agencies the Office of Personnel Management, the United States Department of Defense, and the Social Security Administration (together, the "Federal-benefit paying agencies"), under common law theories of conversion, payment by mistake of fact, and unjust enrichment.

2.      Defendant, who shared a joint bank account with her mother, Kayte Halton, had access to retirement benefits the Federal-benefit paying agencies transmitted to her mother in this

joint bank account . Kayte Halton's entitlement to receive these federal retirement benefits ended upon her death.

3.      Defendant did not inform the Federal-benefit paying agencies of Kayte Halton's death. Instead, Defendant continued to collect and misappropriate her deceased mother's federal retirement benefits for many years, from August 2014 to September 2018, until the Federal-benefit paying agencies received information indicating that Kayte Halton's had died. The total amount of federal retirement benefits Defendant misappropriated is approximately $153,230. Equity requires that these payments be returned to the United States.

## JURISDICTION AND VENUE

4.      The United States District Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. § 1345, which provides for original jurisdiction of civil actions commenced by the United States of America, or by any agency or officer expressly authorized to sue.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b). The events giving rise to the allegations in this Complaint occurred in this District. Defendant also resides in this District.

## PARTIES

6.      Plaintiff is the United States of America, on behalf of its agencies the Office of Personnel Management ("OPM"), the United States Department of Defense ("DoD"), and the Social Security Administration ("SSA").

7.      Defendant is an individual who resides at 1590 Madison Avenue, Apartment 2F, New York, New York. Defendant's mother resided at the same address at the time of her death,

and this was her address of record with the Federal-benefit paying agencies throughout the years during which payments of the federal retirements benefits at issue were made.

<u>**RETIREMENT BENEFIT PROGRAMS**</u>

**Civil Service Retirement System**

8.     OPM manages the Civil Service Retirement System ("CSRS"), a retirement system covering federal employees who entered covered federal service before Jan. 1, 1987.

9.     Upon retirement from civil service, federal employees covered by CSRS become CSRS annuitants and are entitled to CSRS benefits throughout their lifetimes ("CSRS Benefits").

10.     A CSRS annuitant has the option to elect a survivor benefit for his or her spouse. If selected, a spousal benefit allows for the CSRS annuitant's surviving spouse to continue to receive CSRS Benefits throughout the spouse's lifetime ("CSRS Spouse Benefits").

11.     OPM pays CSRS Benefits to the retired federal employee only during his or her lifetime. These payments cease upon the retired federal employee's death. Likewise, OPM pays CSRS Spouse Benefits to the retired federal employee's spouse only during the spouse's lifetime. There is no benefit for the surviving children of the retired federal employee (unless the child is incapable of self-support due to a mental or physical disability that existed prior to age 26).

**SSA Retirement Benefits**

12.     SSA administers the Old-Age, Survivors, and Disability Insurance ("OASDI") program, which is contained in Title II of the Social Security Act. The OASDI program provides benefits to qualified persons to partly replace the loss of income resulting from, *inter alia*, retirement ("Title II Retirement Benefits").

13. To be entitled to Title II Retirement Benefits, a wage earner must have a minimum of ten quarters of work, during which the wage earner contributed to Social Security by paying Federal Insurance Contributions Act taxes. Widows or widowers and minor surviving children of a deceased wage earner who is entitled to Title II Retirement Benefits are also entitled to these benefits. The benefits do not transfer to adult children of beneficiaries upon death.

**Department of Defense Survivor Benefit Plan**

14. The Department of Defense ("DoD") offers to service members the opportunity to purchase a Survivor Benefit Plan ("SBP"). *See* 10 U.S.C. §§ 1447-1455. The SBP is an annuity which provides a lifetime monthly income to a spouse or dependent child upon the service member's death ("SBP Benefits"). Eligibility to receive SBP Benefits terminates upon the death of the spouse or the child ceases to be a dependent of the service member.

**Defendant Fraudulently Retains Retirement Benefits**

15. Taylor's father, Andrew Halton, was a Veteran honorably discharged from military service in 1945. After discharge, Andrew Halton became an employee of the federal government when, in 1945, he was hired by the Department of Veterans Affairs. He was a federal employee from 1945 to 1975.

16. In addition to enrolling himself in the CSRS, Andrew Halton elected to provide CSRS Spouse Benefits to Kayte Halton.

17. In 1975, Andrew Halton retired from federal employment and began receiving CSRS Benefits from OPM. At that time, he was married to Kayte Halton and they had a daughter, Defendant, who was born in 1953.

18.     Andrew Halton died in October 2000 and Kayte Halton became eligible to receive CSRS Survivor Benefits. In effect at the time of his death was a SBP annuity which Andrew Halton had purchased, naming Kayte Halton as the beneficiary. After her husband's death, Kayte Halton began receiving monthly payments of CSRS Survivor Benefits and SBP Benefits.

19.     For many years prior to Andrew Halton's death, Kayte Halton had been receiving Title II Retirement Benefits under her own Social Security number, based on her personal history of qualifying work and contributing tax payments.

20.     In 2002, Kayte Halton opened a banking account with JP Morgan Chase Bank (the "Chase Bank Account"). Thereafter, the CSRS Spouse Benefits, SBP Benefits, and Title II Retirement Benefits (together, the "Federal Benefits") were paid in the form of monthly direct deposits into the Chase Bank Account.

21.     On October 12, 2007, Kayte Halton added Defendant as a joint holder of the Chase Bank Account.

22.     Kayte Halton died on August 2, 2014. Defendant informed The City of New York – Department of Health and Mental Hygiene of her mother's death. The Federal-benefit paying agencies received no notification of nor other information indicating Kayte Halton's death, from Defendant or otherwise.

23.     When Kayte Halton died, the CSRS Spouse Benefits, SBP Benefits, and Title II Retirement Benefits were paid in the form of monthly direct deposits into the Chase Bank Account to which Defendant had access.

24.     Unaware of Kayte Halton's death, the Federal-benefit paying agencies continued to electronically deposit the Federal Benefits into the Chase Bank Account to which Defendant

had access, from August 2, 2014, until September 4, 2018. During this time, Federal-benefit paying agencies made a total of 138 deposits, totaling approximately $177,592.

25.     In 2017, SSA, through the Medicare Non-Utilization Project, mailed notices to Kayte Halton's residence to schedule a date to interview her. On November 2, 2017, SSA temporarily suspended payment of Title II Retirement Benefits because Kayte Halton failed to keep her interview appointments. From the period of August 2014 to November 2017, the deposits of Title II Retirements Benefits totaled approximately $67,680.

26.     SSA first learned of Kayte Halton's death in July 2018. OIG and DoD learned of her death in September, 2018. Upon learning of Kayte Halton's death, OPM and DoD suspended payment to the Chase Bank Account. From the period of August 2014 to September 2018, the deposits of CSRA Spouse Benefits totaled $77,172, and the deposits of SBP Benefits totaled approximately $32,740.

27.     On the date Kayte Halton died, Defendant was not entitled to receive Federal Benefits. Defendant was not entitled to receive benefits from CSRS because she was not incapable of self-support due to a mental or physical disability. Because Defendant was not minor, she was not entitled to receive Title II Retirement Benefits or SBP Benefits.

28.     Defendant was aware that the monthly payments of CSRA Spouse Benefits, Title II Retirement Benefits, and SBP Benefits were being deposited into the Chase Bank Account and were intended for her deceased mother, yet she neither informed the Federal-benefit paying agencies of her mother's death nor returned any of the payments to the respective agencies.

29.     All of the monies the Federal-benefit paying agencies deposited in the Chase Bank Account after Katy Halton's death were misappropriated by Defendant.

30.     Some of these monies were recovered. The Automated Clearing House returned $22,804 to SSA on August 13, 2018, and $1,558.42 to OPM on December 24, 2019. With these recoveries, Defendant wrongfully retained funds in the following amounts: CRSA Spouse Benefits, $75,613.58; Title II Retirement Benefits, $44,876; and SBP Benefits, $32,740.

## FIRST CLAIM – CONVERSION

31.     The allegations in paragraphs 1 through 31 are repeated and realleged as though set forth fully in this paragraph.

32.     Defendant exercised control or dominion over property of the United States, specifically, the Retirement Benefits, without authorization and in derogation of the United States's rights.

33.     Defendant knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the United States.

34.     The United States is entitled to recover the payments of the Retirement Benefits, over which Defendant wrongly exercised control or dominion, with interest.

## SECOND CLAIM – MONEY PAID UNDER MISTAKE OF FACT

35.     The allegations in paragraphs 1 through 34 are repeated and realleged as though set forth fully in this paragraph.

36.     The Federal-benefit paying agencies paid the Retirement Benefits at issue in this case to Kayte Halston under the belief that she was alive

37.     This belief was material to the Federal-benefit paying agencies' decision to pay the Retirement Benefits, and these agencies would not have made such payments to Kayte Halton after he death.

38.    Because the payments of the Retirement Benefits were made upon a material and erroneous belief, the Federal-benefit paying agencies are entitled to recover them in full and with interest.

## THIRD CLAIM - UNJUST ENRICHMENT

39.    The allegations in paragraphs 1 through 38 are repeated and realleged as though set forth fully in this paragraph.

40.    Defendant was enriched as a result of the payments of the Retirement Benefits to her deceased mother in the form of the monies that Defendant retained.

41.    Defendant's enrichment was unjust because she was not entitled to these monies and the monies never would have been paid if the Federal-benefit paying agencies had known that the intended recipient, Kayte Halston, was deceased.

42.    Defendant's enrichment was at the Federal-benefit paying agencies' expense.

43.    Under these circumstances, equity and good conscience require that the payments of the Retirement Benefits to Defendant's deceased mother be returned to the Federal-benefit paying agencies, in full and with interest.

WHEREFORE, plaintiff the United States requests that judgment in its favor and against Defendant as follows:

(a)    On the First Claim for Relief, for return of all funds over which Defendant exercised control or dominion and held contrary to the wishes of the United States in the total amount of $153,230, plus costs and pre- and post-judgment interest;

(b)    On the Second Claim for Relief, for return of all funds paid by mistake in the total amount of $153,230, plus costs and pre- and post-judgment interest;

(c) On the Third Claim for Relief, for return of all funds by which Defendant was

unjustly enriched in the total amount of $153,229.58, plus costs and pre- and post-judgment

interest; and

(d) Granting the United States such further relief against Defendant as the Court may

deem proper.

Respectfully submitted,

Dated: New York, New York          DAMIAN WILLIAMS
       March 23, 2023              United States Attorney for the
                                   Southern District of New York


By: _____
    BRANDON H. COWART
    86 Chambers Street, 3rd Fl.
    New York, NY  10007
    Tel.:  (212) 637-2693
    Fax.:  (212) 637-2686
    Email:  brandon.cowart@usdoj.gov